UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GMA PROPERTIES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-3360** |
| **FRANK D. STEWART** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that GMA Properties' Motion to Remand (Doc. #4) is **GRANTED**, and this matter is **REMANDED** to the Fifth Justice of the Peace Court, Parish of Jefferson, State of Louisiana. The motion is **DENIED** as to an award of attorneys' fees and costs.[1]

## BACKGROUND

This matter is before the court on a motion to remand this matter to the Fifth Justice of the Peace Court, Parish of Jefferson, State of Louisiana filed by plaintiff, GMA Properties.

Defendant, Frank D. Stewart,[2] is a tenant in an apartment owned by GMA. Stewart's rent is subsidized by a voucher issued pursuant to Section 8 of the Fair Housing Act. On May 20, 2015, GMA issued to Stewart a notice to vacate the apartment by May 31, 2015. Then, on June 19, 2015, GMA issued to Stewart another notice to vacate the apartment, this time on or before August 1, 2015. Stewart did not vacate the apartment after receiving either notice. GMA filed this action in the Fifth Justice of the Peace Court, Parish of Jefferson, State of Louisiana seeking to evict Stewart.

---

[1] Under 28 U.S.C. § 1447(c), the court may award the plaintiff "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court of the United States has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 708 (2005). Because defendant is proceeding pro se, removal was objectively reasonable. Therefore, the motion for attorneys' fees and costs is DENIED.

[2] Because defendant is proceeding pro se, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

On August 3, 2015, that court set a hearing for August 11, 2015, ordering Stewart to show cause why judgment should not be ordered against him and why he should not be condemned to vacate the premises.  The attached notice stated the reason for eviction was nonpayment of rent and violation of the lease.

On August 10, 2015, Stewart removed the action to the United States District Court for the Eastern District of Louisiana alleging federal question subject-matter jurisdiction.  In the notice of removal, Stewart claims that GMA's state-law based eviction action against him is pre-empted because GMA did not comply with the tenancy addendum requirements of Section 8 of the Fair Housing Act.

## ANALYSIS

**I.      Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.).  In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**II.     Pre-emption**

Under 28 U.S.C. § 1331, the federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Pursuant to the well-pleaded complaint rule, an action "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vanden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 29 S.Ct. 42 (1908)).  The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987).  "[A]" case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 2430.

However, the "complete pre-emption" doctrine, provides an "independent corollary" to the well-pleaded complaint rule. Id.  Under the complete pre-emption doctrine, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metro. Live Ins. Co. v. Taylor, 107 S.Ct. 1542, 1547 (1987)).  Thus, if "'a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." Aetna Health Inc. v. Davila, 124 S.Ct. 2488, 2495 (2004) (quoting Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058, 2063 (2003)). To show that an area of state law is completely pre-empted by a federal statute, the removing party must show: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a

clear Congressional intent" that the federal action be exclusive. <u>Bellfort Enters. Inc. v. PetroTex Fuels Inc.</u>, 339 Fed. Appx. 416, 418-19 (5th Cir. 2009).

GMA's eviction action is based on Louisiana law, and does not implicate a federal question on its face. <u>See</u> <u>Stump v. Potts</u>, 322 Fed. Appx. 379, 380 (5th Cir. 2009) (noting that eviction actions arise under state law).  Stewart claims that state-law eviction procedures are pre-empted by federal law because 24 C.F.R. § 982.308(f)(2) requires that all leases subject to a Section 8 voucher must include a tenancy addendum that sets forth the tenancy requirements for the program and the composition of the household, and also gives the tenant the right to enforce the tenancy addendum against the owner.  However, Stewart has not shown that there is a specific jurisdictional grants to federal courts to enforce the tenant's rights or that there is any intention for an exclusive federal action.  Indeed, 24 C.F.R. § 882.511(e) states that "[a]ll evictions must be carried out through judicial process under State and local law." Thus, there is no clear intent for federal law to pre-empt state law with respect to the landlord-tenant relationship when Section 8 is implicated.  GMA's motion to remand is GRANTED, and this matter is REMANDED to the Fifth Justice of the Peace Court, Parish of Jefferson, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that GMA Properties' Motion to Remand (Doc. #4) is **GRANTED**, and this matter is **REMANDED** to the Fifth Justice of the Peace Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this __7th__ day of October, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**